J-S15009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMIR STEPHENS | : | |
| | : | |
| Appellant | : | No. 603 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 14, 2023

In the Court of Common Pleas of Philadelphia County Criminal Division at No(s): CP-51-CR-0002429-2017

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:               **FILED OCTOBER 1, 2024**

Appellant, Samir Stephens, appeals from the judgment of sentence entered on February 14, 2023, following the revocation of his probationary sentence.  We affirm the revocation of Appellant's probation but vacate Appellant's sentence and remand for resentencing.

We briefly summarize the facts and procedural history of this case as follows.  On February 16, 2017, police arrested Appellant when they observed him engage in a hand-to-hand narcotics transaction.  In a search incident to arrest, the police recovered a firearm from Appellant's person.  On March 5,

---

[*] Retired Senior Judge assigned to the Superior Court.

2018, Appellant entered a negotiated guilty plea to possession with intent to deliver narcotics (PWID), firearms not to be carried without a license, and conspiracy.[1]  He was sentenced to an aggregate term of 11½ to 23 months of incarceration, followed by a consecutive, two-year term of probation.  The trial court awarded Appellant credit for time-served and he was granted immediate parole.  *See* 42 Pa.C.S.A. § 9775 (where the maximum sentence imposed is less than two years, the parole board does not supervise the defendant and the sentencing court has authority to grant parole).  On June 22, 2018, following an evidentiary hearing, the trial court determined that Appellant violated the terms of his parole and, therefore, revoked supervision and reimposed Appellant's 11½ to 23-month aggregate sentence and again granted immediate parole.  *See* 42 Pa.C.S.A. § 9776 (where parole board lacks exclusive jurisdiction, trial court may grant parole to inmates in county prisons and, where probation officer demonstrates violation of parole, the court may either recommit the inmate or recommit and reparole the inmate if the court determines this will benefit the inmate).  While again out on parole, Appellant was arrested and charged with PWID and possession of marijuana.  The trial court held an evidentiary hearing on March 18, 2021.  On July 13, 2021, the trial court entered an order purporting to revoke Appellant's parole and, anticipatorily, to revoke Appellant's probation.  The court then ordered

_____

[1]  35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 6106, and 18 Pa.C.S.A. § 903, respectively.

Appellant to serve an aggregate sentence of five to 10 years of incarceration, followed by a consecutive, one-year term of probation.

On November 30, 2021, at Appellant's request, the trial court reinstated Appellant's appellate rights *nunc pro tunc*. Thereafter, Appellant filed a post-sentence motion citing our Court's then-recent decision in ***Commonwealth v. Simmons***, 262 A.3d 512 (Pa. Super. 2021) (*en banc*), which held that a trial court may not anticipatorily revoke an order of probation when the defendant commits a new crime before his or her sentence of probation has begun. Following an evidentiary hearing on December 15, 2021, the trial court vacated its July 13, 2021 sentence and directed Appellant to serve the balance of his back time on his 11½ to 23-month aggregate sentence, followed by two years of probation. However, the trial court also ordered that a portion of Appellant's probation be served under house arrest and home confinement. ***See*** Amended Sentencing Order, 12/17/2021, at *1 ("Defendant is to be released to house arrest when backtime is completed. House arrest is to relist after [three] months of house arrest completion.").[2] In July 2022, Appellant

_____

[2] On January 14, 2022, Appellant filed a timely notice of appeal to this Court. In his court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), Appellant averred, *inter alia*, that "[t]he trial court erred when it imposed a condition of house arrest upon [Appellant's] release from confinement where [Appellant's] violations, and reasons for revocation, occurred while [Appellant] was on **parole** and, as such, it was illegal to increase the conditions of **probation**." Rule 1925(b) Statement, 4/17/2022, at ¶ 2 (emphasis in original). In an opinion issued pursuant to Pa.R.A.P. 1925(a) filed on May 4, 2022, the trial court opined that it was authorized to add a house arrest condition to Appellant's probation under 42 Pa.C.S.A. § 9771, which governs modifications or revocations of probationary

was arrested for violating the terms of his probation. More specifically, during required drug testing, Appellant "submitted a suspicious urine sample." Appellant's Brief at 9-10. The trial court held an evidentiary hearing on September 27, 2022. Therein, the trial court orally vacated the house arrest

---

orders. *See* Trial Court Opinion, 5/4/2022, at 9, *citing* 42 Pa.C.S.A. § 9771 ("The court has inherent power to at any time terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a finding that a person presents an identifiable threat to public safety.") (modified effective June 11, 2024). More specifically, the trial court determined:

> Here, [the trial] court [extensively reviewed] Appellant's past actions which gave rise to and supported the revocation of parole. As this was Appellant's second violation of the sentence imposed by [the trial court], [the trial] court exercised its inherent power to add house arrest to Appellant's release on probation after he completed his back time sentences. House arrest is not custody therefore Appellant's sentence was not increased. House arrest was imposed for the protection of the community from Appellant's continued criminal activity/behavior, but also for the protection of Appellant himself.
>
> In short, the transcribed record amply demonstrated that Appellant had not borne his burden of establishing that any abuse of sentencing discretion had occurred or that he received an illegal sentence.

*Id.* at 9-10. Ultimately, this Court never addressed Appellant's challenge to the trial court's authority to add house arrest as a condition to Appellant's probationary sentence following its determination that Appellant violated the terms of his parole. Instead, this Court granted Appellant's motion to withdraw the appeal on October 25, 2022. Moreover, in a hearing held on September 27, 2022, the trial court orally vacated the house arrest portion of Appellant's December 2021 sentence. *See* N.T., 9/27/2022, at 13 ("House arrest is vacated."). Accordingly, any issue pertaining to the trial court's authority to impose house arrest as a condition of probation following a parole violation is now moot.

portion of Appellant's sentence but did not revoke probation and ordered that he continue his probationary supervision. *See* N.T., 9/27/2022, at 12-13. On February 14, 2023, following another evidentiary hearing, the trial court entered an order revoking Appellant's probation for non-compliance with mandatory narcotics testing and sentenced him to three to six years of imprisonment followed by three consecutive years of probation. This timely appeal resulted.[3]

On appeal, Appellant presents the following issues for our review:

1. Whether [Appellant's] sentence exceeds the statutory maximum when his probation violation sentences are added to his prior incarceration[?]

2. Whether the trial court erred by imposing a three to six year sentence of incarceration, followed by three years of probation for a technical probation violation when such sentence is excessive and is not consistent with the gravity of [Appellant's] violation, the need for public protection, or his needs for rehabilitation?

Appellant's Brief at 7.

In his first issue, which challenges the legality of the punishment imposed by the trial court, Appellant's argument consists of two distinct components. First, Appellant contends that his current sentence, imposed for

---

[3] Appellant filed a timely notice of appeal on March 1, 2023. The trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On April 12, 2023, we granted counsel's application to withdraw and ordered the trial court to appoint new counsel. The trial court appointed new counsel to represent Appellant and granted new counsel an extension to file a Rule 1925(b) statement. Thereafter, Appellant filed a timely Rule 1925(b) statement on June 22, 2023. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 1, 2023.

violating probation, exceeds the statutory maximum. More specifically, Appellant maintains that "the maximum [punishment] for each [of the three crimes for which he originally pled guilty] cannot exceed seven years as a matter of law." *Id.* at 15. Appellant asserts that when a sentence is split, into terms of incarceration and probation, as the sentence imposed herein, both portions of the split sentence "count[] against the statutory maximum." *Id.* at 15-16, *citing* **Commonwealth v. Crump**, 995 A.2d 1280, 1284 (Pa. Super. 2010). As such, Appellant argues that "his current sentence of [three to six] years [of incarceration], followed by [three] years of reporting probation exceeds the [seven-year] statutory maximum [penalty on the third-degree felony offenses with which he was charged]." *Id.* at 16. Next, Appellant argues that the trial court failed to give him credit for time-served, only giving him credit for the time he spent in custody while he was detained on the latest probation violation or "approximately 90 days." *Id.* at 18-19. Instead, Appellant suggests that he is entitled to credit for time-served for all periods of incarceration served since the original sentence was imposed. *Id.* at 15. Accordingly, Appellant "respectfully requests that the matter be remanded for resentencing."[4] *Id.* at 20.

This Court has previously determined:

---

[4] "[T]he Commonwealth concurs with [Appellant's] request to remand the case for modification of sentence" on both claims. Commonwealth's Brief at 10 (stating that without proper credit for time-served, the new sentence exceeds the statutory maximum and "[Appellant's] sentence would also appear to exceed the statutory limit of [seven] years because of its [three-]year [] probationary tail.").

The defendant or the Commonwealth may appeal as of right the legality of the sentence. As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*. Issues relating to the legality of a sentence are questions of law. As with all questions of law on appeal, our standard of review is *de novo* and our scope of review is plenary.

A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Likewise, a sentence that exceeds the statutory maximum is illegal. If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction.

*Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013) (internal citations and quotations omitted).

Moreover,

we observe that as a general rule, upon [probation] revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. Normally, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

As the sentencing alternatives available to a court at the time of initial sentencing are all of the alternatives statutorily available under the Sentencing Code, at any revocation of probation hearing, the court is similarly free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor.

*Id.* at 365 (internal citations, quotations, and ellipses omitted).

Here, there is no dispute that Appellant originally pled guilty to PWID,

firearms not to be carried without a license, and conspiracy to commit PWID.[5]

_____

[5] Initially we note that the trial court, the Commonwealth, and Appellant all believe that each original conviction was graded as a third-degree felony carrying a maximum sentence of seven years. *See* Appellant's Brief at 15 ("In the present matter, [Appellant's] maximum sentence for each charge cannot exceed seven years as a matter of law) *citing* 18 Pa.C.S.A. §106(b)(4) (classification of crimes); *see also* Commonwealth's Brief at 9 ("Here, the criminal charges for which [Appellant's] sentences were imposed were PWID, firearm not to be carried without a license, and conspiracy to PWID, each of which cannot exceed seven years as a matter of law."); *see also* Trial Court Opinion, 8/1/2023, at 12 ("If mathematical calculations serve this [c]ourt correctly, in this Commonwealth, the maximum penalty that had been permitted by statute for all offenses permitted imposition of state supervised confinement [that] totaled seven (7) years."). However, upon further review, PWID is an ungraded felony under the Controlled Substances Act and subject to a five-year maximum sentence. *See* 35 P.S. § 780-113(f)(2); *see also* ***Commonwealth v. Bell***, 645 A.2d 211, 216 (Pa. 1994) ("The general provisions of the Crimes Code set forth the classifications of crimes. Section 106(b)(5) states that a crime declared to be a felony, without specification of degree, is of the third degree. 18 Pa.C.S.A. § 106(b)(5). Thus, [18 Pa.C.S.A. § 1103, which specifies periods of incarceration for felony convictions,] would suggest a maximum sentence of seven years for the violations at issue. This result is inconsistent with the five-year maximum set forth in [35 P.S. § 780-113(f)(2)]. Because a specific provision controls over a general one, 1 Pa.C.S.A. § 1932, the five-year maximum sentence in the Drug Act would prevail.")  Moreover, at the violation of probation hearing held on February 14, 2023, the Commonwealth alluded to the fact that Appellant had "a prior PWID." N.T., 2/14/2023, at 17. We recognize that "[a]ny person convicted of a second or subsequent [PWID] offense … may be imprisoned for a term up to twice the term otherwise authorized[.]" 35 P.S. § 780-115. Upon review of the certified record, however, we cannot confirm that Appellant had been convicted and sentenced to another PWID charge prior to the 2018 plea deal implicated herein nor should we. *See* Pa.R.A.P. 2119 (an appellate court shall not develop arguments nor scour the record to find evidence in support). The recidivist statute which provides for the enhancement of sentence upon a finding of a prior conviction for PWID does not require a factfinder to find beyond a reasonable doubt that Appellant committed a second or subsequent offense. *See **Commonwealth v. Griffin***, 804 A.2d 1, 15 (Pa. Super. 2002), *citing* 35 P.S. §§ 780-113(f) and 780-115(a). Instead, the trial court must

Moreover, there is no dispute that Appellant was on probation, not parole, at the time of revocation. *See* N.T., 9/27/2022, at 11 ("He's on the probation tail… So, [the trial court] finds that you did violate the terms and conditions of house arrest … and probation."); *see also* N.T., 2/14/2023, at 8-9 (Appellant was serving probation under house arrest following the completion of his incarceration when he violated the terms of his probation); *see also* Appellant's Brief at 14 (challenging "his probation violation sentence."); *see also* Commonwealth's Brief at 5 (conceding the hearing held on February 14, 2022 was for revocation of probation). Once the trial court found Appellant in violation of the conditions of his probation, the court could revoke the probationary sentence but the "sentencing court [could not] give a new split sentence where the period of incarceration and period of probation exceed[ed the seven-year] statutory maximum." *Crump*, 995 A.2d at 1285. In this case, the trial court imposed a split sentence of three to six years of

---

state on the record the proposed enhancement and find its applicability by a preponderance of the evidence. *Id.* Because this did not occur below, upon remand for resentencing, the Commonwealth and trial court should consider 35 P.S. §§ 780-113(f) and 780-115(a). In addition, we further recognize that inchoate crimes like conspiracy have the same maximum sentences as the underlying crimes to which they relate. *See* 18 Pa.C.S.A. § 905(a); *See also Commonwealth v. Hoke*, 962 A.2d 664, 668 (Pa. 2009)("[I]nchoate crimes have the same maximum sentences as the underlying crimes to which they relate."). Here, the trial court (and the parties) have all labored under the mistaken belief that all three of Appellant's crimes originally carried maximum sentences of seven years. This error was compounded when the trial court failed to designate which of the three concurrent sentences of probation Appellant had violated. Accordingly, upon remand, the trial court needs to consider these additional concerns and clarify its sentence.

incarceration, followed by three years of probation. Because the trial court imposed an unlawful nine-year revocation sentence that exceeded the seven-year statutory maximum for firearms not to be carried without a license, we are constrained to vacate the court's judgment and remand for further proceedings.[6]

Depending upon the new revocation sentence imposed on remand, the trial court may need to consider whether Appellant is entitled to an award of credit for time served. Under the Sentencing Code, credit for time-served shall be given "against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." 42 Pa.C.S.A. § 9760(1). "Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal." *Id.* Under our case law, however, a defendant is not automatically entitled to credit for time served against his

---

[6]  As previously mentioned, Appellant was serving three concurrent probationary sentences. If the sentencing court believed Appellant violated the firearms charge, the maximum sentence is seven years. If the sentencing court finds that Appellant violated the supervisory sentences for the conspiracy or PWID charges, then the maximum sentence is five years for either crime. If this were Appellant's second PWID offense and Appellant is subject to a recidivist enhancement, then the maximum sentence is 10 years. Here, as previously stated, the trial court did not specify the supervisory sentence that Appellant was deemed to have violated, and it did not explore whether recidivist enhancements to sentences extended the maximum punishment that could be imposed for a probation violation. Thus, the trial court demonstrated that it did not know the permissible maximum sentences implicated or whether the new sentence exceeded those limits and was therefore illegal.

revocation sentence. When a revocation sentence is imposed, the trial court need only award Appellant credit for time served corresponding to all the time spent in prison (including time already credited against the original sentence), if the new revocation sentence together with the original sentence exceed the lawful maximum. Put differently, "[c]redit against a new sentence imposed after revocation of probation or intermediate punishment is not required [if] the new sentence and all prior sentences that the defendant has already served for the same conviction added together total less than the statutory maximum." *Commonwealth v. Beer*, 2019 WL 6652207, at *3 (Pa. Super. 2019) (non-precedential decision), *citing* *Infante*, 63 A.3d at 367; *Crump*, 995 A.2d at 1284-1285; *Commonwealth v. Schutzues*, 54 A.3d 86, 90 n.2 (Pa. Super. 2012).

Upon remand, the trial court should bear in mind all of the foregoing guidelines that govern its authority in imposing a revocation sentence. Additionally, we recognize that our Supreme Court has determined that "criminal defendants are not entitled to credit against a sentence of imprisonment for time spent subject to home monitoring programs." *Commonwealth v. Kyle*, 874 A.2d 12, 18 (Pa. 2005) (citation omitted) ("[Our Supreme] Court has emphasized that, because home release on electronic monitoring does not constitute custody, credit should not be awarded for it toward a prison sentence. Exceptions to this rule have been recognized only where equity was deemed to require it, such as when a

defendant was assured that his time spent on electronic monitoring would count toward his sentence.").

In sum, the trial court will need to impose another revocation sentence. As a starting point, the trial court should specify which sentence of probation the court finds Appellant violated and must also definitively identify the maximum sentences attached to the firearms, PWID, and conspiracy convictions. Only then can the trial court determine what its sentencing alternatives are, whether a new sentence exceeds the statutory duration, and whether credit for time-served is mandatory. Thereafter, the trial court must impose a legal revocation sentence where either the term of imprisonment does not exceed the statutory maximum or where the total split term of imprisonment and probation does not exceed the lawful maximum. If the trial court imposes a term of imprisonment upon revocation, Appellant must be given credit for time-served if the new prison term and all the time Appellant has already spent in prison results in a sentence that exceeds the statutory maximum, in this case, seven years.[7] **Infante**, 63 A.3d at 368 (The trial

---

[7] Here, upon our review of the record, there is no dispute that Appellant only received credit for time-served while detained for his revocation hearing. Therefore, the trial court may have erred by not properly considering all of Appellant's credit for time-served. Furthermore, in examining the certified record, the trial court did not enter a written sentencing order in this case and, instead, relied upon a Department of Corrections commitment form specifying only the sentence imposed and the credit awarded for the detainer served by Appellant. **See** Trial Court Docket, 2/14/2023, at \*2 ("Confinement Conditions -- Credit for time served: Credit for time served to be calculated by the Prison System as to Detainer Only."). "In Pennsylvania, the text of the sentencing order, and not the statements a trial court makes about a

court "must give Appellant credit for time served, if it imposes a new sentence that would cause him to serve time in excess of the statutory maximum[.]"). The trial court should not consider any time Appellant spent on probation or house arrest, however, because such time does not constitute custody under Section 9760. *Infante*, 63 A.3d at 367; *Kyle*, 874 A.2d at 18. Finally, Appellant does not challenge the trial court's revocation of probation. As such,

---

defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed." *Commonwealth v. Borrin*, 80 A.3d 1219, 1226 (Pa. 2013) (citation omitted). As such, we remind the trial court to enter a written sentencing order upon resentencing. Moreover, it is not clear from our review of the record how much time Appellant spent in custody on his original sentence. Appellant suggests that he served "over 38 months" and "at least 38 months of incarceration." Appellant's Brief at 16-17. In another portion of his brief, Appellant charts his "periods of incarceration [he] adduced from the trial court record." *Id.* at 10. That chart estimates that Appellant has been incarcerated for a total of approximately of 78 months. *Id.* Whereas, the Commonwealth summarizes the time Appellant spent in custody as approximately 62 months. *See* Commonwealth's Brief at 5 ("In summary, at the time of the final revocation of probation [hearing] on February 14, 202[3], [Appellant] spent[:] 1) 12 months and 17 days (377 days) incarcerated before the original sentencing, 2) [eight] months and 26 days (266 days) to serve back time pursuant to the [] sentence[s] imposed on July 13[, 2021] and December 15, 2021, and 3) 40 months and 21 days (578 days) on detainers throughout" the case.); *but see also* Commonwealth's Brief at 10 ("Without credit for pre-trial custody, the new sentence – [three] to [six] years of imprisonment followed by [three] years of probation – resulted in a total time of incarceration of [four] years and 17 days to [seven] years and 17 days, which exceeds the statutory maximum."). If Appellant is entitled to credit for time-served upon resentencing, the trial court will need to conduct an evidentiary hearing to determine the precise amount of time that Appellant has been incarcerated on his prior sentences, since there is more than one prior sentence and both parties dispute the duration Appellant spent in custody.

we affirm the revocation, but vacate Appellant's sentence and remand for additional proceedings.[8]

Probation revocation affirmed. Judgment of sentence vacated. Case remanded for re-sentencing consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/1/2024

---

[8] "An appellate Court has no power to impose a sentence; that power is to be exercised exclusively by the trial court." **Commonwealth v. Holiday**, 954 A.2d 6, 10 (Pa. Super. 2008) (citation omitted). Where an appellate court determines a sentence is illegal or otherwise improper, the Court may not "superimpose its judgment on the trial court by directing the sentence to be imposed." **Id.** Because we remand this case for resentencing, we need not reach Appellant's second appellate issue pertaining to the discretionary aspects of sentencing.